762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN H. STEVENS, PLAINTIFF-APPELLANT,
v.
TENNESSEE VALLEY AUTHORITY, DEFENDANT-APPELLEE.
 NO. 84-5374
 United States Court of Appeals, Sixth Circuit.
 3/26/85
 
 On Appeal from the United States District Court for the Eastern District of Tennessee
 Before: Keith and Jones, Circuit Judges, and Newblatt.*
 PER CURIAM.
 
 
 1
 The appellant, John H. Stevens, appeals from a memorandum and order entered by the United States District Court for the Eastern District of Tennessee. See Stevens v. Tennessee Valley Authority, No. CIV. 3-80-528 (E.D. Tenn. Apr. 6, 1984). For the reasons set forth below, the judgment of the district court is reversed in part and the case is remanded for further proceedings consistent with this per curiam.
 
 
 2
 After protracted litigation including two prior appeals to this Court, on October 12, 1983, the district court found that by not reinstating Stevens to his former job the Tennessee Valley Authority (TVA) had violated the Veterans Preference Act as made applicable to United States employees. Accordingly, the district court ordered that Stevens be reinstated to his former position and awarded back pay from August 20, 1979, until the date of his reinstatement, adjusted by the plaintiff's actual earnings during that period. The parties were unable to agree upon the amount of back pay, and sought the assistance of the district court. Based upon the various pleadings of the parties, but without holding a hearing on the matter, the district court determined that: 1) Stevens was only entitled to 68 percent of the average overtime worked by his craft during the back pay period; and 2) Stevens was only entitled to back pay for the period from August 20, 1979 through July 31, 1983. On the record before this Court, we are not convinced the district court had an adequate basis upon which to make these determinations.
 
 
 3
 We address first our concern about the calculation of the amount of overtime to which Stevens was entitled as part of his back pay award. In his motion for proceedings in aid of the judgment, Stevens requested a hearing and contended he would 'show that he would have been ready, willing, able, and available to work all overtime available to him as a member of his craft.' See Joint Appendix at 8. In opposition to Stevens' motion, TVA filed a motion under Federal Rule of Civil Procedure 60(b). In part, TVA's motion contended that during his prior employment with the defendant Stevens had only worked 68 percent as much overtime as the craft average. Joint Appendix at 21-22 (Affidavit of Asa C. Kelley at p4 appended to defendant's 60(b) motion). Based upon this calculation of a ratio of past overtime worked, TVA contended that the overtime component of Stevens' back pay award should be reduced to reflect this ratio. The district court found this argument persuasive and adopted the results of TVA's calculations. We do not agree.
 
 
 4
 In the record we find no evidence to support a finding that Stevens would have worked anything less than 'all [the] overtime available to him.' TVA has presented no evidence that Stevens was ever unwilling to work overtime hours. Thus, the mere fact that in his prior tenure Stevens only worked 68 percent as much overtime as his craft's average proves little. It is conceivable that rather than demonstrating an unwillingness to work overtime, this 68 percent figure could demonstrate there was something unwholesome about the manner in which TVA doled-out overtime.
 
 
 5
 Accordingly, the determination of Stevens' overtime back pay award is reversed and remanded to the district court. The district court is instructed to hold an evidentiary hearing focusing on the questions of how much overtime would have been available to Stevens during this back pay period and how much of this overtime would he have worked.
 
 
 6
 Next, we address our concern about the determination that as of July 1983 Stevens was no longer willing to return to work at TVA. This finding is obviously based upon Stevens' letter of February 2, 1984, in which he informed TVA of his elected position with the local union and requested administrative leave. See Joint Appendix at 48. While this is some evidence of unavailability, there is, however, contradictory evidence in the record which suggests that Stevens was willing to work for TVA until February 3, 1984. Joint Appendix at 55-56 (Affidavit of John H. Stevens).
 
 
 7
 Given this equivocal state of the record, we are extremely concerned that the district court did not hold an evidentiary hearing to more fully consider this matter. Accordingly, the district court's determination that as of July 1983 Stevens was no longer willing to work at TVA is reversed and remanded. The district court is instructed to hold an evidentiary hearing focusing upon the question of whether Stevens' election to a position with his local union constituted a clear and unequivocal waiver of his right to reinstatement.
 
 
 8
 As set out above, the determination of the district court is reversed, in part, and remanded for proceedings consistent with this Court's instructions. In all other respects the decision of the district court is affirmed.
 
 
 
 *
 Hon. Stewart A. Newblatt, United States District Court for the Eastern District of Michigan, sitting by designation